J-A03017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RONALD AND JILL OSTER, H/W | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellants | : |
| | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| SERFASS CONSTRUCTION COMPANY, | : No. 1052 EDA 2021 |
| INC., AND CITY CENTER INVESTMENT | : |
| CORPORATION | : |
| | : |
| RONALD AND JILL OSTER H/W | : |
| | : |
| Appellants | : |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| TOWER SIX OP, LP | : |

Appeal from the Order Entered May 4, 2021
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2018-C-2235,
2018-C-3087

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 17, 2022**

Appellants, Ronald and Jill Oster, appeal from two orders which respectively granted summary judgment in favor of Appellees Serfass Construction Co., Inc. ("Serfass") and Tower Six OP, LP ("Tower") in Appellants' personal injury action.[1] After careful review, we affirm.

---

[1] In addition to Ronald Oster's negligence claims, Jill Oster, his wife, pleaded counts of loss of consortium against all defendants. For ease of reference, we refer to the Osters collectively as Appellants.

**Factual and procedural history**

In 2016, Serfass and Tower entered a contract whereby Serfass provided general contracting for demolition of a building (the "Tower Building") and construction of a new building in Allentown (generally, the "Tower Project"). Serfass employed several subcontractors during the project, including Duggan & Marcon, Inc. ("Duggan") for whom Mr. Oster worked. Sometime in 2016, Serfass completed demolition of the main portion of the Tower Building. The demolition left brick from the Tower Building adhered onto an adjoining building (the "Trifecta Building"). In fall 2016, two pairs of Serfass employees began chipping the adhered brick off the Trifecta Building.

In mid-November 2016, an excavator struck the Trifecta Building. As a result, on November 17, 2016, Serfass commissioned an engineer to "inspect[] demolition activity along the west wall of [the Tower Building] and the interior and exterior faces of the east wall of the abutting [Trifecta Building]." Memorandum in Opposition to Center City Investment Corp. Motion for Summary Judgment, filed 10/9/20, at Exh. D (hereinafter "Engineering Report"). The engineer concluded that "[b]ased on my observation, the demolition work associated with the [Tower Building] has no discernable effect on the adjoining Trifecta Building [s]tructure." *Id.*

On November 26, 2016, Mr. Oster and another Duggan employee took the place of one of the pairs of Serfass employees, picking up where they had left off chipping leftover Tower brick from the Trifecta Building. At some point that day, the chimney of the Trifecta Building unexpectedly collapsed while

the Duggan and Serfass employees worked. As a result, multiple bricks fell and struck Mr. Oster in the head, neck, and shoulders, causing injury.

On August 22, 2018, and November 20, 2018, Appellants filed negligence actions against Serfass and Tower, respectively.[2] The defendants filed motions for summary judgment. Specifically, on September 9, 2020, Tower filed a motion for summary judgment alleging that, as owner of the property, it did not owe Mr. Oster a duty of care. On October 6, 2020, Serfass filed a separate motion for summary judgment alleging that it was entitled to immunity as Mr. Oster's statutory employer under the Pennsylvania Workers' Compensation Act.[3]

In opposition to Tower's summary judgment motion, Appellants argued that a question of fact existed regarding Tower's awareness of the allegedly dangerous condition posed by the Trifecta Building chimney. Appellants asserted that "there is evidence that [Tower] knew of potential structural damage to the Trifecta Building due to the excavator striking it." Memorandum in Opposition to Tower Motion for Summary Judgment, filed 10/9/20, at 5 (unpaginated). Appellants argued that "[t]here is no evidence that [Mr.] Oster knew of any collision between an excavator and the [Trifecta Building]" and reasoned, therefore, that Tower "had superior knowledge of the danger posed

---

[2] On March 6, 2019, by stipulation of the parties, the trial court ordered the consolidation of these actions. Appellants also filed suit against Center City Investment Corporation ("CCIC"). The court granted summary judgment in CCIC's favor, and it is not a party to this appeal.

[3] 77 P.S. §§ 1-1041.1, 2501-2626.

- 3 -

by the chimney attached to the Trifecta Building[.]" *Id.* Appellants asserted that because of Tower's superior knowledge, it owed Mr. Oster a duty of care.

In opposition to Serfass' summary judgment motion, Appellants argued that questions of fact existed regarding Serfass' occupation and control of the Tower Project site, whether a subcontract existed between Serfass and Duggan, and whether Duggan assumed a part of Serfass' regular business. Appellants reasoned that these questions of fact precluded a finding that Serfass was Mr. Oster's statutory employer.

On November 23, 2020, the trial court held a hearing on these motions. On May 4, 2021, the trial court granted summary judgment to all defendants. In its order granting summary judgment to Tower, the court found that Tower did not possess superior knowledge of the potential danger posed by the Trifecta Building chimney and, as a result, did not owe Mr. Oster a duty of care. In a separate order granting Serfass' motion, the court found that Serfass was entitled to immunity as Mr. Oster's statutory employer.

Appellants timely filed a Notice of Appeal and both they and the trial court complied with Pa.R.A.P. 1925.[4]

**Issues**

Appellants raise the following issues for our review:

---

[4] Although Appellants violated **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) by filing one Notice of Appeal from two court orders involving different defendants at different underlying dockets, our Supreme Court's holding in **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) permits us to overlook the deficiency.

1. Whether the [t]rial [c]ourt erred as a matter of law in granting [Tower's] Motion for Summary Judgment where there exist genuine issues of material fact as to whether [Tower] had knowledge of the dangerous condition which caused the injury superior to that of [Mr.] Oster where the condition was not obvious to the [Mr. Oster].

2. Whether the [t]rial [c]ourt erred as a matter of law in granting [Serfass'] Motion for Summary Judgment based upon the statutory employer doctrine where genuine issues of material fact exist as to whether [Serfass] could establish the defense of a statutory employer at trial.

Appellants' Br. at 6 (reordered for ease of analysis).

**Legal analysis**

We review a trial court's order granting summary judgment for an error of law or abuse of discretion. ***Hovis v. Sunoco, Inc.***, 64 A.3d 1078, 1081 (Pa. Super. 2013). We view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. ***Id.*** Summary judgment is only appropriate where the record clearly shows that no genuine issue of material fact exists and, as a result, the moving party is entitled to judgment as a matter of law. ***Id.***

Where the nonmoving party bears the burden of proof on an issue, that party may not merely rely on the pleadings or answers to survive summary judgment. ***Moranko v. Downs Racing LP***, 118 A.3d 1111, 1113 (Pa. Super. 2015) (*en banc*). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id.*** (citation omitted). In the instant case, Mr. Oster pleaded a

negligence claim against Tower, which requires, among other things, proof that Tower owed Mr. Oster a duty of care. ***Toro v. Fitness International LLC***, 150 A.3d 968, 976 (Pa. Super. 2016).

Finally, concessions made in pleadings and by stipulation are binding judicial admissions. ***See Steinhouse v. Herman Miller, Inc.***, 661 A.2d 1379, 1382 (Pa. Super. 1995) ("Averments in pleadings constitute binding judicial admissions, conclusive in their nature insofar as their effect is confined to the case in which they are filed."); ***Tyler v. King***, 496 A.2d 16, 21 (Pa. Super. 1985) ("The court will hold a party bound to his stipulation; concessions made in stipulations are judicial admissions, and accordingly may not later in the proceeding be contradicted by the party who made them."). ***See also Sheard v. J.J. DeLuca Co.***, 92 A.3d 68, 78 (Pa. Super. 2014) (holding the appellant to admission in complaint that the appellee was general contractor). As a result, the parties are bound by these admissions.

**Issue 1 – Summary judgment in favor of Tower**

In their first issue, Appellants argue that the trial court erred by finding that Tower did not possess "superior knowledge" and, therefore, did not owe Mr. Oster a duty of care. Appellants' Br. at 31-34. Appellants renew their argument that Tower knew that an excavator hit the Trifecta Building shortly before Mr. Oster's incident and, as a result, Tower had superior knowledge about the potential danger posed by the chimney of the Trifecta Building. ***Id.***

"For over 100 years, the accepted and general rule regarding liability in our Commonwealth has been that a landowner who engages an independent

contractor is not responsible for the acts or omissions of such independent contractor or his employees." ***Beil v. Telesis Const., Inc.***, 11 A.3d 456, 466 (Pa. 2011). Unless an exception applies, "a property owner has no duty to warn the contractor or its employees of conditions that are at least as obvious to the contractor and its employees as they are to the landowner. Responsibility for protection, and liability for negligence, therefore, are placed on the contractor and its employees." ***Id.*** at 460.

One recognized exception to this general rule is where the landowner has "'superior knowledge' or information which places [the landowner] in a better position to appreciate the risk posed to the contractor or his employees by the dangerous condition." ***Gutteridge v. A.P. Green Servs., Inc.***, 804 A.2d 643, 657-58 (Pa. Super. 2002). When the landowner has superior knowledge, it can no longer be said that the dangerous condition is at least as obvious to the contractor as it is to the landowner and the landowner, thus, has a duty of care to warn the contractor of the dangerous condition. ***See Colloi v. Phila. Elec. Co.***, 481 A.2d 616, 620 (Pa. Super. 1984).

Here, the trial court found that Tower did not possess superior knowledge such that it owed Mr. Oster a duty of care. Trial Ct. Op., 5/4/21, at 7. It explained that Appellant adduced no evidence that Tower knew that the excavator caused the Trifecta Building chimney to pose a danger. ***Id.*** at 9. Moreover, the court observed that Engineering Report "did not place [Tower] on notice of any dangerous condition posed by the area struck by the excavator bucket" because the report concluded that "the vertical impact from

an excavator bucket . . . did not in any way adversely affect the [Trifecta Building]." *Id.* at 8 (citing Engineering Report).

The record supports the trial court's determination. Appellants have identified no evidence of record that Tower had any knowledge that the Trifecta Building posed a danger to Mr. Oster, and our review of the record reveals no such evidence. Specifically, the record indicates that Appellants adduced no evidence creating a question of fact as to whether Tower had any knowledge that the excavator's impact with the Trifecta Building caused the chimney to pose a danger to workers at the Tower Project site. The Engineering Report, moreover, informed Tower's knowledge at the time of Mr. Oster's incident, and the report concluded that the Trifecta Building was unaffected by the excavator impact.

As a result of Appellants' failure to adduce any evidence to prove that Tower had superior knowledge and, therefore, owed Mr. Oster a duty of care, an essential element of Appellants' case and an issue on which they bear the burden of proof, we affirm the trial court's order granting Tower's Motion for Summary Judgment.

**Issue 2 – Summary judgment in favor of Serfass**

In their second issue, Appellants argue that the court erred by finding that Serfass was Mr. Oster's statutory employer and, therefore, entitled to immunity under the Workers' Compensation Act. Appellants' Br. at 25-30.

Pursuant to Section 302(b) of the Workers' Compensation Act, "general contractors bear secondary liability for the payment of workers' compensation

benefits to injured workers employed by their subcontractors. In this sense, general contractors have been denominated 'statutory-employers' relative to workers' compensation liability[. S]tatutory employers under Section 302(b) enjoy a measure of immunity from liability in tort pertaining to work-related injuries for which they bear secondary liability under the [A]ct." ***Sheard***, 92 A.3d at 74-75 (citations omitted). ***See also Patton v. Worthington Associates, Inc.***, 89 A.3d 643, 645 (Pa. 2014) (reinforcing the established doctrine of statutory employer immunity).

Pennsylvania courts have long applied the following five-factor test to determine if a general contractor was the statutory employer of an injured employee of a subcontractor:

> (1) The general contractor was under contract with an owner or one in the position of the owner;
>
> (2) The general contractor controlled or occupied the premises where the injury occurred;
>
> (3) The general contractor entered a subcontract;
>
> (4) The general contractor designated part of its regular business to the subcontractor; and
>
> (5) The injured party was an employee of such subcontractor.

***See McDonald v. Levinson Steel Ct.***, 153 A. 424, 426 (Pa. 1930).

Here, the trial court found that Serfass was Mr. Oster's statutory employer and, therefore, entitled to immunity under the Workers' Compensation Act. Trial Ct. Op., 5/4/21, at 9-14. In support, the court referenced admissions Appellants made in various pleadings and stipulations establishing that (1) Serfass was the general contractor on the Tower Project;

(2) Serfass directed Mr. Oster's conduct on the Tower Project site and was responsible for worker safety; (3) Mr. Oster was working on the Tower Project pursuant to a subcontract between Duggan and Serfass; (4) demolition work was part of Serfass' regular business; and (5) Duggan employed Mr. Oster at the time of his injury. *Id.*

The record supports the trial court's findings. *See* Reply to New Matter, filed 3/14/19, at ¶¶ 36, 39, 40; Plaintiffs' Complaint, filed 12/2/19, at ¶ 12; Plaintiffs' Amended Complaint, filed 11/14/18, at ¶¶ 8, 11, 18, 20; Stipulation of Parties, dated 7/17/20, at 2 (unpaginated). Of particular relevance, the parties entered the following stipulation on July 17, 2020, which alone establishes several elements of the *McDonald* test:

> At the time of [Mr. Oster's injuries], [**Mr.] Oster was employed as a construction laborer by Duggan & Marcon, Inc.**, performing demolition work in the nature of chipping brick and mortar from the exterior of a building at a construction project known as Tower 6 Project in Allentown, Pennsylvania, **pursuant to a Subcontract Agreement** dated November 2, 2016[,] **between Duggan & Marcon, Inc. and Serfass Construction Company, Inc.,** attached hereto as Exhibit A.

Stipulation of Parties at 2 (emphasis added). As the trial court observed, Appellants are bound by admissions made in their pleadings and stipulations.

Additionally, the following evidence, viewed in the light most favorable to Appellants as the non-moving party, provides further support for the court's determination that Serfass was Mr. Oster's statutory employer. Deposition testimony from Mr. Oster and two Serfass employees, Joshua Sterner and Derrick Keeler, established that Serfass controlled access to the Tower Project

site via a locked gate, Duggan's employees did not have the access code for the gate, Sterner instructed Mr. Oster on what work to do and where to do it on the worksite, and Mr. Oster took over work that had been started by Serfass employees before his arrival. N.T. Deposition of Ronald Oster, 8/27/19, at 25-26, 31-32, 37; N.T. Deposition of Joshua Sterner, 1/24/20, at 7-8, 12-14, 16, 18-21; N.T. Deposition of Derek Keeler, 1/24/20, at 25-26.

Serfass also produced in discovery a contract dated September 27, 2016, between it and Tower establishing the parties' relationship, including "demolition and masonry" as part of Serfass' job duties. Serfass Motion for Summary Judgment, filed 10/6/20, at Exh. G.

Finally, Appellants' engineering expert opined that Mr. Oster was a Duggan employee, he took direction from Serfass at the Tower Project, and Serfass "had actual and practical control of the project site, authority over the worksite, and authority and power to correct safety and health violations." Plaintiffs' Expert Report, dated 8/31/20, at 25-26.

These uncontested facts provide additional support to the trial court's finding that no question of fact existed regarding Serfass' status as Mr. Oster's statutory employer. Although Appellants assail the trial court's finding, they direct this court to no evidence demonstrating a question of fact to be decided by a jury. This Court's review of the record, moreover, demonstrates that no

such question exists. As a result of the foregoing, we affirm the trial court's Order grant of summary judgment in favor of Serfass.[5]

**Conclusion**

We discern no error of law or abuse of discretion in the trial court's orders granting summary judgment in favor of Tower and Serfass. As a result, we affirm.

Orders affirmed.

Judge Stabile joins the memorandum.

Judge McCaffery files a concurring and dissenting memorandum.

_____

[5] Appellants raise an additional argument that "the mandatory nature of workers' compensation coverage in modern construction practice has rendered the statutory employer doctrine obsolete" and, therefore, we should "restrict the application of the statutory employer doctrine to those cases where the general contractor is liable for the injured worker's [] compensation benefits, as adopted by the State of New Jersey." Appellants' Br. at 30-31. Appellants did not raise this issue before the trial court in their opposition to Appellees' motions for summary judgment and, thus, it is waived. **Krentz v. CONRAIL**, 910 A.2d 20, 37 (Pa. 2006) ("arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." (citation omitted)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/17/2022</u>